MOTION RETURNABLE: MONDAY, JUNE 6, 2016
**ORAL ARGUMENT REQUESTED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIVERSIFIED INDUSTRIES, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:13-cv-6194 : (JBS/JS) |
| VINYL TRENDS, INC., and WILLIAM VANCE HARDIN, | : |
| Defendants. | : **FILED ELECTRONICALLY** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Defendants, Vinyl Trends, Inc.
and William Vance Hardin

Gregg S. Kahn, Of Counsel and On the Brief.

2061228v.1

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT .............................................................................................................. 6

    POINT I ............................................................................................................ 6

    DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT PURSUANT TO RULE 56 OF THE
    FEDERAL RULES OF CIVIL PROCEDURE SHOULD
    BE GRANTED ................................................................................................ 6

    POINT II .......................................................................................................... 8

    DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT SHOULD BE GRANTED BECAUSE
    PLAINTIFF CITES TO NO APPLICABLE LEGAL
    STANDARD GOVERNING THE VOC FREE ISSUE,
    ALSO BECAUSE IT HAS NO ADMISSIBLE EVIDENCE
    THAT HARDIN EVER VISITED THE AVALON
    STORES AT ISSUE IN THIS LITIGATION ................................................ 8

CONCLUSION ......................................................................................................... 13

## PRELIMINARY STATEMENT

This matter is before the Court in connection with the motion of defendants Vinyl Trends Inc. ("Vinyl Trends") and William Vance Hardin ("Hardin") (collectively "defendants") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

As will be explained in greater detail below, it is respectfully submitted that the Complaint filed on behalf of plaintiff Diversified Industries, Inc. ("Diversified Industries" or "plaintiff") and against defendants should be dismissed in its entirety with prejudice. Diversified Industries alleges in its Complaint that defendants' alleged conduct is in violation of the federal Lanham Act (i.e., 15 U.S.C. 1125(a)) and New Jersey's Fair Trade Act (i.e., N.J.S.A. 56:4-1), and also constitutes tortious interference with contractual relations/prospective economic advantage. Diversified Industries' factual allegations are primarily focused on Vinyl Trends' statements that its Eternity product is "VOC free", which plaintiff claims is false and misleading, also on alleged statements made by Hardin when he visited various Avalon Carpet and Tile ("Avalon") stores in New Jersey and which caused Avalon to discontinue doing business with the plaintiff.

Plaintiff's claims against defendants, however, should be dismissed in their entirety with prejudice. As for plaintiff's "VOC free" claim, plaintiff makes

1

this assertion without reference to any applicable legal standard that defines in what circumstances a flooring underlayment product can be classified as VOC free. Plaintiff's VOC free allegations therefore fail as a matter of law. In addition, plaintiff only alleges in its Complaint "upon information and belief" that Hardin is the individual who visited the Avalon Carpet and Tile stores in New Jersey and made the statements that are at issue in this litigation. Since plaintiff has no credible, admissible evidence that Hardin ever visited an Avalon store in New Jersey, this claim also fails.

      For all of the foregoing reasons, it is respectfully submitted that defendants' motion for summary judgment should be granted.

## STATEMENT OF FACTS

The relevant, factual basis for defendants' motion for summary judgment can be found in the accompanying, Statement of Undisputed Material Facts, which reveals the following.

Plaintiff Diversified Industries, Inc. ("Diversified Industries" or "plaintiff") alleges in its Complaint that it manufactures and sells a foam product – called FloorMuffler – for use as underlayment for hardwood and laminate flooring. Plaintiff also alleges that defendants have made false and misleading statements and misrepresentations of fact to customers and potential customers regarding FloorMuffler, also regarding the product specifications for Vinyl Trends' own foam product, called Eternity. See Statement of Undisputed Material Facts, paragraph no. 1.

Plaintiff alleges, for example, that defendants have falsely represented that the Eternity product is "VOC free." The term "VOC" means volatile organic compounds. Id. at paragraph no. 2.

Plaintiff alleges that Vinyl Trends' Eternity product is not completely free from volatile organic compounds, and further that no foam product is completely free from volatile organic compounds. Id. at paragraph no. 3.

Plaintiff not only alleges that Vinyl Trends' statements regarding "VOC free" are false and misleading, but also that these statements led distributor Avalon Carpet and Tile ("Avalon") to discontinue its relationship with Diversified Industries, in favor of Vinyl Trends' Eternity product. Id. at paragraph no. 4.

Even if Vinyl Trends' Eternity product is not completely free of volatile organic compounds, in its Complaint plaintiff does not cite to any applicable legal standard that defines in what circumstances a flooring underlayment product can be classified as VOC free. Id. at paragraph no. 5.

Plaintiff also alleges in its Complaint that Vinyl Trends' sales representative, Hardin, visited various Avalon stores and relayed false and misleading information about the FloorMuffler and Eternity products, including: (i) the FloorMuffler product has been discontinued; (ii) the Eternity product is being offered in place of FloorMuffler; (iii) the Eternity product is completely free from volatile organic compounds; and (iv) the Eternity product has the highest sound rating in the industry. Id. at paragraph no. 6.

Plaintiff, however, only alleges "[u]pon information and belief" that Hardin is the individual who visited the Avalon stores. Id. at paragraph no. 7.

Based on the foregoing, plaintiff has no credible, admissible facts demonstrating that Hardin visited the Avalon stores at issue in this litigation. <u>Id.</u> at paragraph no. 8.

## ARGUMENT

## POINT I

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD BE GRANTED

It is well established that summary adjudication is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). In addition, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Further, a fact is only material if it "might affect the outcome of the suit under the governing law." Id. at 248. It is for this reason that not every disputed factual issue is sufficient to defeat a motion for summary judgment; rather, issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. Lastly, the non-moving party cannot rest on mere allegations to defeat a summary judgment motion. To the contrary, the non-moving

party must present actual evidence that creates a genuine issue of material fact. See Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.

With the foregoing legal authority in mind, it is respectfully submitted that Diversified Industries' claims against defendants fail both as a matter of fact and law. Accordingly, defendants' motion for summary judgment should be granted.

## POINT II

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF CITES TO NO APPLICABLE LEGAL STANDARD GOVERNING THE VOC FREE ISSUE, ALSO BECAUSE IT HAS NO ADMISSIBLE EVIDENCE THAT HARDIN EVER VISITED THE AVALON STORES AT ISSUE IN THIS LITIGATION**

Plaintiff has brought the subject Complaint against defendants alleging violations of the federal Lanham Act (i.e., 15 U.S.C. 1125(a)) and New Jersey's Fair Trade Act (i.e., N.J.S.A. 56:4-1), and also alleging that defendants' alleged conduct constitutes tortious interference with contractual relations/prospective economic advantage.

### The Legal Standard

15 U.S.C. 1125(a) states that it is unlawful for any person who, on or in connection with any goods or services that it uses in commerce to use any "false or misleading description of fact, or false or misleading representation of fact, which: (a) is likely to cause confusion, or to cause mistake, or to deceive . . ., or (b) . . . misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another's goods, services, or commercial activities."

With this statutory language in mind, in order state a claim under the Lanham Act, a plaintiff must allege that: (i) the defendant has made false or misleading statements as to its own product (or another's); (ii) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (iii) the deception is material in that it is likely to influence purchasing decisions; (iv) the advertised goods traveled in interstate commerce; and (v) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc. See Interlink Products International, Inc. v. F&W Trading LLC, 2016 U.S. Dist. Lexis 44256 (D.N.J. March 31, 2016), citing Warner-Lambert Co. v. Breathasure, Inc., 204 F.3d 87, 91-92 (3rd Cir. 2000); see also Refundo, LLC v. Drake Enterprises, Ltd., 2013 U.S. Dist. Lexis 57671 (D.N.J. April 22, 2013), citing Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F. Supp. 2d 384, 454 (D.N.J. 2009).1

---

1 Similarly, in order to state a claim for tortious interference, a plaintiff must demonstrate: (i) a contract or reasonable expectation of economic advantage from a prospective contractual/economic relationship; (ii) the defendant intentionally and maliciously interfered with the relationship; (iii) the interference caused the loss of the expected advantage; and (iv) actual damages resulted. See Cargill Global Trading v. Applied Development Company, 706 F. Supp. 2d 563 (D.N.J. 2010); see also Brown & Brown, Inc. v. Cola, 2010 U.S. District Lexis 136199, at *14-23 (December 22, 2010); Bellator Sport Worldwide, LLC v. Alvarez, 2013 U.S. District Lexis 54879, at *7 (D.N.J. April 16, 2013); Interlink Products International, Inc. v. F&W Trading LLC, 2016 U.S. Dist. Lexis 44256.

9

The VOC Free Claim

For the reasons set forth in their Statement of Undisputed Material Facts, it is respectfully submitted that plaintiff cannot maintain a claim under the Lanham Act or any other statute/legal theory for a very simple reason, specifically that plaintiff does not in its Complaint – and cannot – cite to any applicable legal standard that defines in what circumstances a flooring underlayment product can be classified as VOC free, zero VOC or similar phrase.  And if it cannot cite to any such authority then plaintiff cannot establish the false/misleading statement, actual deception or materiality elements of a Lanham Act claim.

By way of further elaboration, the Clean Air Act ("CAA") requires the Environmental Protection Agency ("EPA") to set National Ambient Air Quality Standards ("NAAQS") for pollutants considered harmful to the environment.  See 40 C.F.R. Part 50.  The EPA then established criteria for regulating products by product type.  A complete list of product categories can be found in various Internet web sites including the International Sanitary Supply Association's site located at www.issa.com.  Specifically, there is a document on the www.issa.com site that is entitled "Summary of State and Federal VOC Limitations for Institutional and Consumer Products."

10

Importantly, the EPA does not list laminate underlay as a product category which means that laminate underlayment products do not release VOC at levels relative to other product categories which do cause regulatory concern. Stated another way, since laminate underlayment products are not listed as a product type of concern by the EPA then the plaintiff cannot use the Clean Air Act, EPA or any related authority as its basis to claim that Vinyl Trends' statements concerning VOC free are false and misleading. And in the absence of any standard, then how can plaintiff prove, for example, that a product that emits VOC at 1 part per million can be referred to as VOC free but a product that emits VOC at 10 parts per million cannot? What threshold must be met before a product can referred to this in manner?

For these reasons, any claims being asserted by the plaintiff and against the defendants relating to the VOC free issue fails as a matter of law.

<u>Allegations Against Hardin</u>

Plaintiff also alleges in its Complaint that Hardin visited various Avalon stores in New Jersey, at which time he made various statements along the lines of the FloorMuffler product has been discontinued, Vinyl Trends' Eternity product is being offered in place of FloorMuffler, the Eternity product is VOC free, and the Eternity product has the highest sound rating in the industry. Plaintiff,

11

however, only makes this allegation (i.e., that Hardin made these alleged statements when he was visiting the Avalon stores in question) on information and belief, which in defendants' view is not sufficient to defeat a summary judgment motion. As stated in Point I above, the non-moving party must present <u>actual evidence</u> – not speculation – that Hardin actually visited the subject Avalon stores in order to create a genuine issue of material fact. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). Since plaintiff is unable to present any such credible, admissible evidence, its claims against the defendants generally, and Hardin specifically, also fails.

For these reasons as well, defendants' motion for summary judgment should be granted.

## **CONCLUSION**

For all the foregoing reasons, defendants Vinyl Trends Inc. and William Vance Hardin respectfully submit that their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted in its entirety.

          Respectfully submitted,

          **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
          Attorneys for Defendants
          Vinyl Trends Inc. and William Vance Hardin

          By: _/s/ Gregg S. Kahn_____
                    Gregg S. Kahn

Dated: May 2, 2016